PARK (UNITED STATES v.). See Case No. 15,991.

## Case No. 10,716.

### PARK v. WILLIS.

[1 Cranch, C. C. 357.] [1]

Circuit Court, District of Columbia. Nov. Term, 1806.

DEPOSITION—RIGHT TO TAKE—LIMITS OF RESIDENCE—BEYOND JURISDICTION.

1. The court will not permit a deposition taken, de bene esse, to be read in evidence, if the witness resides within one hundred miles of the place of trial, although his residence is out of the District of Columbia.

[Cited in Woods v. Young, Case No. 17,994; Lewis v. Mandeville, Id. 8,326.]

2. A deposition taken and filed by the defendant, may be read in evidence by the plaintiff, upon proof that the witness is beyond the jurisdiction of the court.

Special action on the case [by Park's administrator against Willis]—plea, not guilty. On the trial, the defendant objected to the reading of a deposition, because it did not appear that the witness might not attend personally. The residence of the witness was agreed to be at Fredericksburg, fifty miles only from Alexandria. No subpoena had been issued for him.

THE COURT refused to permit the deposition to be read. See Voss v. Luke (July Term, 1806) [Case No. 17,014]; Woods v. Young (July Term, 1806) [Id. 17,994]; Lewis v. Mandeville [Id. 8,326].

The plaintiff then offered to read a deposition of John Hand, taken by the defendant, and filed in the cause, after having proved that Hand sailed for Philadelphia about three weeks ago, and had not returned. No subpoena had been issued for him.

THE COURT permitted it to be read.

[1] [Reported by Hon. William Cranch, Chief Judge.]